BROCKSTEDT MANDALAS FEDERICO

Brent P. Ceryes
410-421-7777
bceryes@lawbmf.com

August 14, 2026

**VIA CM/ECF:**
The Honorable Stephanie Gallagher
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, Maryland 21201

**Re: *Chaney, et al. v. Perdue Farms Inc., et al.* (C.A. No. 1:24-cv-2975)**

Dear Judge Gallagher:

The Parties last wrote the Court on August 3, 2026, and advised that the Parties would meet and confer regarding a proposed Scheduling Order and submit a proposal on August 14, 2026. The Parties have met and conferred regarding a revised Scheduling Order for the above captioned case.

## I. Revised Scheduling Order

Plaintiffs propose, and Perdue does not oppose, a deadline of **September 30, 2026**, for moving for joinder of additional parties and amendment of pleadings.

In consideration of Perdue's pending Motions for Leave to File Third-Party Complaints, and Plaintiffs' anticipated Motion for Leave to File an Amended Complaint, and any briefing that may be prompted by that filing, the Parties propose to defer the imposition of later deadlines at this time, until resolution of any briefing or argument on these motions, in view of their potential impact on the claims and Parties at issue.

## II. Discovery

Finally, the Parties offer slightly differing positions on how discovery should proceed in the short term.

*Plaintiffs' position* is that discovery should proceed as in the normal course and as would have been consistent with the prior scheduling order, *see* ECF 53. The prior scheduling order contemplated a deadline for moving for amendment of pleadings that was set approximately two months after the deadline for substantial completion of document production and approximately one month before the deadline for fact discovery. *Id.* Additionally, the prior deadline for substantial completion of document production (March 6, 2026) was days away when the Parties first reached an agreement to stay the deadline for the purposes of pursuing mediation. Plaintiffs propounded discovery requests on Defendants on October 10, 2025, and responsive productions are still outstanding. Plaintiffs believe that a further stay of discovery in this matter is unwarranted and unnecessary.

*Perdue's position* is that it cannot participate in fulsome discovery without certainty as to the operative complaint when Plaintiffs have expressed an intention to seek significant amendments to the complaint, including "remov[ing] some named plaintiffs, add[ing] new named plaintiffs, and supplement[ing] allegations set forth in their Complaint." ECF 92. Such anticipated, significant amendments complicate discovery as Perdue cannot be sure documents produced before amendment would be relevant to the anticipated amended complaint Plaintiffs propose. Perdue submits it is more reasonable for the Parties to proceed with limited discovery (primarily third-party discovery) until Plaintiffs' anticipated motion for amendment of their complaint is resolved or the deadline for them to file such a motion passes. This would not only conserve needless expenditure of the Parties' resources but would equitably reflect that since October 2025 Plaintiffs requested (and Perdue consented) to Plaintiffs withholding discovery for several named plaintiffs that they anticipate removing from their proposed amended complaint.

Sincerely,

*<u>/s/ Brent P. Ceryes</u>*____
Brent P. Ceryes
Counsel for Plaintiffs

*<u>/s/ Jeffrey S. Nestler</u>*_____
Jeffrey S. Nestler
Counsel for Defendants
(Signed by Brent P. Ceryes with permission of Jeffrey S. Nestler)

BPC/gmd

Cc: All counsel of record through CM/ECF